# IN THE COURT OF APPEALS OF IOWA

No. 13-1917
Filed October 15, 2014

**STATE CENTRAL BANK,**
    Plaintiff-Appellant,

**vs.**

**BRUCE MERIWETHER,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter, Judge.

State Central Bank appeals from the district court's grant of summary judgment in favor of Bruce Meriwether. **AFFIRMED.**

Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

Stephen J. Juergens of Fuerste, Carew, Juergens & Sudmeier, P.C., Dubuque, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

State Central Bank filed suit against Bruce Meriwether alleging Meriwether breached a consulting and non-compete agreement. The summary judgment record reflects the following. The pertinent part of the contract required Meriwether to: "Consult with and assist the President of the Bank's Dubuque branch operations with the promotion and development of Bank's business in the Dubuque area." Meriwether provided consulting services to the bank's Dubuque branch president, Richard Bean. Meriwether was not asked to provide consulting services to Bean's successors, Gary Martin and Scott Piper. Meriwether never refused to consult with Bean, Martin, or Piper. In resisting Meriwether's motion for summary judgment, the bank presented no evidence to the contrary. Instead, the bank proffered the affidavit of W. Tyler Logan, who was President and CEO of the State Central Bank of Keokuk. Logan stated Meriwether declined his requests for assistance regarding issues at the bank's Dubuque branch.

In granting summary judgment in favor of Meriwether, the district court stated:

> As to State Central's claim that Meriwether breached the consulting agreement, it is clear that Meriwether was contractually obligated to "consult with and assist the President of Bank's Dubuque branch operations with the promotion and development of Bank's business in the Dubuque area." Meriwether has not failed to do so, and State Central cannot generate a fact issue in this regard. At best, Meriwether failed to consult with Logan, who was not the President of the Dubuque branch. Based upon the undisputed facts, Meriwether did not breach the consulting agreement.

The court concluded Meriwether was entitled to summary judgment. We agree.

We have carefully reviewed the record, the briefs of the parties, and the district court's spot-on, thorough, and well-reasoned ruling. The district court's ruling identifies and considers all the issues presented, and we approve of the reasons and conclusions in the ruling. Further discussion of the issues would be of little to no value and would not change the disposition of this case. *See* Iowa Ct. R. 21.26(1)(d). Accordingly, we affirm the district court's grant of summary judgment in favor of Meriwether.

**AFFIRMED.**